# IN UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JUDY MASON,** | )<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| vs. | ) Case No.<br>) |
| **CVS HEALTH CORPORATION,** | )<br>)<br>) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL OF DEFENDANT, CVS HEALTH CORPORATION

COMES NOW, Defendant, **CVS HEALTH CORPORATION** ("CVS"), and files this Notice of Removal of this action from the Circuit Court of Madison County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a) and (d) and 28 U.S.C. §1441(a). As further support of removal of this action, CVS would show as follows:

**1.    State Court Action.**

Plaintiff, Judy Mason, filed this action in the Circuit Court of Madison County, Alabama, on or about January 18. 2019 (Civil Action No. 47-CV-2019-900119). Copies of the Summons and Complaint and all other pleadings that were served on the Defendant on or about January 24, 2019, are attached as Exhibit 1.

Pursuant to 28 U.S.C. § 1446(d), Defendant's counsel is filing a copy of this notice in the Circuit Court of Madison County, Alabama, and is serving Plaintiff with a copy of the Notice of Removal to Plaintiff.

## 2.     Diversity of Citizenship.

There is complete diversity of citizenship between the parties. Plaintiff Judy Mason is a citizen and resident of the State of Alabama. See ¶ 1 of the Complaint. Defendant, CVS Health Corporation is, and at the time of filing of this action was a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of Rhode Island. Thus, CVS Health Corporation is considered a citizen of the State of Rhode Island for purposes of determining federal diversity jurisdiction. There are no other individuals or entities identified as defendants in Plaintiff's Complaint other than fictitiously.

Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

## 3.     Amount in Controversy.

(a)     Upon information and belief, the amount in controversy in this action, exceeds the sum of $75,000, exclusive of interest and costs. Defendant submits that it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). The removing defendant may satisfy this burden by showing that it is "'facially apparent' from the [plaintiff's] pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 1061. When determining whether this burden is met, a district court applies its "judicial experience" and "common sense" in "discerning whether the allegations in a complaint facially establish" the jurisdictional amount. *Id.* at 1062–63. [T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

Plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.999, and categorically state that plaintiff will never accept more"; "[o]therwise a plaintiff will find herself in a federal court").

*Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012).

(b) Plaintiff claims she suffered "personal injuries, pain and suffering, mental anguish, medical expenses, future medical expenses and other damages" as a consequence of a fall on August 9, 2019 on the premises of a CVS Pharmacy located in Madison, Alabama. The style of the Complaint identifies the premises involved as "parking lot located at 8470 Hwy 20, Madison, Alabama." (Complaint, pg. 2, ¶¶4-6). Plaintiff claims that her fall was the proximate result of the Defendant's negligence, wantonness and/or breach of duty.

(c) The Complaint includes a claim for punitive damages based on an allegation that Defendant's conduct was wanton. (Complaint ¶7). Thus, if wantonness is proved, the damages would potentially include punitive damages. When reviewing the face of the Complaint, the court must consider punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g., Holley Equip. co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Jones v. Novartis Pharm. Co.*, 952 F.Supp. 2d 1277, 1284 (N.D. Ala. 2013) (considering demand for punitive damages in assessment of amount in controversy for removal purposes); *Blackwell v. Great American Fin. Res., Inc.*, 620 F.Supp. 2d 1289, 1291 (N.D. Ala. 2009) (reasoning that the amount in controversy had been met because, in part, "a punitive award of slightly more than double the

compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum.").

### 4. Diversity Jurisdiction.

This action is one under which the Court has jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which Plaintiff is a resident of the State of Alabama, and the Defendants are not, and in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### 5. Timeliness of Notice of Removal.

Defendant first received notice of this civil action through service of the Summons and Complaint on January 24, 2019. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

### 6. Relief Requested.

Defendant requests that the United States District Court for the Northern District of Alabama, Northeastern Division, assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated: February 11, 2019.

Respectfully submitted,

Defendant,
**CVS HEALTH CORPORATION**
By its attorney,

*/s/ J. Allen Sydnor, Jr.*
J. Allen Sydnor, Jr.  (ASB-6517-D55J)

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL  35223-2484
Telephone (205) 251-1193
Facsimile (205) 251-1256
Email: asydnor@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **NOTICE OF REMOVAL OF DEFENDANT CVS HEALTH CORPORATION** has been electronically served upon:

William Louis Middleton, III, Esq.
Eyster Key Tubb Roth Middleton & Adams, LLP
Post Office Box 1607
Decatur, AL 35602-1607
wlmiddleton@eysterkeylaw.com

on February 11, 2019

*/s/ J. Allen Sydnor, Jr.*
OF COUNSEL