FILED
2019 Feb-19  PM 12:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **JUDY MASON,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. CV-2019-257-MMH |
| **CVS HEALTH CORPORATION,** | ) |
| **Defendants.** | ) |

## ANSWER OF ALABAMA CVS PHARMACY, LLC

Comes now, **ALABAMA CVS PHARMACY, LLC**, and in answer to the allegations of the Complaint, says as follows:

1. Defendant is without sufficient knowledge to admit the allegations in paragraph 1 of the Complaint.

2. Defendant denies paragraph 2 of the Complaint as written and further responds that it is an Alabama Limited Liability Company whose sole member is CVS Pharmacy, Inc., a Rhode Island Corporation whose principle place of business is in the State of Rhode Island.  Defendant, Alabama CVS Pharmacy, LLC admits that it owns and operates the CVS Pharmacy Store in Madison County, Alabama. identified in the Complaint.

3. Paragraph 3 of the Complaint does not require a response.

4. Defendant admits the allegations of paragraph 4 of the Complaint.

5. Defendant denies the allegations of paragraph 5 of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Complaint.

7.      Defendant denies the allegations of paragraph 7 of the Complaint and further denies that Plaintiff is entitled to a judgment against it.

## AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not breach any alleged duty owed to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Any alleged breach of duty by Defendant was not the proximate cause of any injury to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's accident and injury was not caused by any defect in the premises.

### SIXTH AFFIRMATIVE DEFENSE

Defendant did not engage in any conduct, act or omission that would support a wantonness claim or imposition of punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama and the Constitution of the United States of America.

### EIGHTH AFFIRMATIVE DEFENSE

There was no hidden defect on Defendant's premises that gave rise to a duty to warn. The conditions of the premises where Plaintiff was injured were not defective. Although not a defect, the condition Plaintiff claims caused her fall was one that was open and obvious to her and Plaintiff's claims are barred by her own contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to the limitations established by the Alabama Legislature and as set forth in §6-11-21, CODE OF ALABAMA (1999).

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to limitations and protections of §6-11-27, ALABAMA CODE.

### ELEVENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Amended Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of this Defendant was not the proximate and/or competent producing cause of Plaintiff's alleged injuries.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, §6, the Alabama Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for punitive damages against this Defendant cannot be sustained, because of an award of punitive damages by a jury under Alabama law has not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for punitive damages cannot be sustained because of an award of punitive damages under Alabama law is by a jury not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law is by a jury that is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

**S<small>IXTEENTH</small> A<small>FFIRMATIVE</small> D<small>EFENSE</small>**

The Plaintiff's claim for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law is by a jury that is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

**S<small>EVENTEENTH</small> A<small>FFIRMATIVE</small> D<small>EFENSE</small>**

The Plaintiff's claims for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law by a jury is not subject to judicial review on the basis of the objective standards and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

**E<small>IGHTEENTH</small> A<small>FFIRMATIVE</small> D<small>EFENSE</small>**

This Defendant asserts and incorporates by reference all standards or limitations regarding the determination and enforceability of punitive damages set out by the United States Supreme Court in *BMW of North America v. Gore*.

**N<small>INETEENTH</small> A<small>FFIRMATIVE</small> D<small>EFENSE</small>**

Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate State interest.  Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment

of the United States Constitution and Article I, §§1, 6, and 22 of the Constitution of the State of Alabama.

DEFENDANT, ALABAMA CVS PHARMACY, INC.,<br>HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

Defendant,
**Alabama CVS Pharmacy, L.L.C.**
By its attorneys,

/s/ J. Allen Sydnor, Jr.
J. Allen Sydnor, Jr.     (SYD002)

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 Highway 280, Suite 200
Birmingham, AL  35223-2484
Telephone (205) 251-1193
Facsimile (205) 251-1256
Email:  asydnor@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **ANSWER OF ALABAMA CVS PHARMACY, LLC** has been electronically served upon:

William Louis Middleton, III, Esq.
Eyster Key Tubb Roth Middleton & Adams, LLP
Post Office Box 1607
Decatur, AL 35602-1607
wlmiddleton@eysterkeylaw.com

on February 19, 2019.

/s/ J. Allen Sydnor, Jr.